# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL EMMANUEL ISHMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-18-893-G |
| | ) |
| DEENA BALLARD, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation (Doc. No. 30) issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se and proceeding *in forma pauperis*, has brought this action under 42 U.S.C. § 1983, alleging violations of his constitutional rights by two Defendants. *See* Am. Compl. (Doc. No. 26).

On screening, Judge Erwin has recommended partial dismissal of Plaintiff's claims for failure to state a claim upon which relief can be granted. *See* R. & R. at 19; 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). On February 27, 2019, Plaintiff filed a timely objection to the Report and Recommendation. *See* Pl.'s Obj. (Doc. No. 31). Plaintiff's objection triggers de novo review by this Court of those portions of the Report and Recommendation to which objection is made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Issues or claims raised for the first time in an objection, however, are waived. *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).

Judge Erwin liberally construed Plaintiff's allegations as asserting claims under the Eighth and Fourteenth Amendments based on: (1) denial of access to courts; and (2) incarceration in restrictive housing (i.e., segregated confinement).[1] *See* R. & R. at 7.

## I. *Official-Capacity Claims for Monetary Damages*

Judge Erwin concluded that Defendants—both of whom are state employees—enjoy Eleventh Amendment immunity insofar as Plaintiff seeks monetary damages against them in their official capacities. *See* R. & R. at 8-9 (collecting authorities). Plaintiff does not challenge this conclusion. The Court adopts Judge Erwin's recommendation to dismiss Plaintiff's official-capacity claims to the extent monetary damages are sought. *See* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 1915A(b)(2).

## II. *Claim for Denial of Access to Courts*

Plaintiff alleges that he was deprived of his constitutional right to access the courts when he was denied permission to use the prison's law library in order to assist his attorney with Plaintiff's criminal jury trial. Judge Erwin identified two bases for dismissing this claim for denial of Plaintiff's right of access to the courts. First, Judge Erwin noted that "a criminal defense is not the type [of] case which is afforded constitutional protection in the form of access to a law library." R. & R. at 11. Second, Judge Erwin concluded that Plaintiff's representation by counsel "provides a 'constitutionally acceptable alternative to a prisoner's demand to access a law library.'" *Id.* (quoting *United States v. Taylor*, 183 F.3d 1199, 1204 (10th Cir. 1999)).

---

[1] In his Objection, Plaintiff does not meaningfully challenge Judge Erwin's characterization of his claims.

As Judge Erwin explained, an inmate's right to access the courts is not unlimited. The Court agrees that Plaintiff has not plausibly alleged a violation of a constitutional right to access the courts. *See Taylor*, 183 F.3d at 1204; *Carrier v. Lundstedt*, No. 13-cv-02933-PAB-CBS, 2014 WL 8103198, at *9 (D. Colo. Dec. 22, 2014) (R. & R.) ("[A]ny claim that [the prisoner-plaintiff] was denied access to the courts is defeated by his representation by counsel in his criminal cases."), *adopted*, 2015 WL 1041835 (D. Colo. Mar. 4, 2015); *Johns v. Coosa Cty. Jail*, No. 2:11-CV-615-WHA (WO), 2011 WL 4005320, at *2 (M.D. Ala. Aug. 18, 2011) (R. & R.) ("While Plaintiff may desire to take a more active role in his pending criminal proceedings, such is insufficient to demonstrate a lack of access to the courts."), *adopted,* 2011 WL 4005318 (M.D. Ala. Sept. 8, 2011).

In his Objection, Plaintiff now contends that access to a law library would have enabled him "to assist his appeal attorney with his appeal." Pl.'s Obj. at 3, 6. This contention, raised for the first time in Plaintiff's Objection, has been waived. *See Marshall*, 75 F.3d at 1426.

III.   *Claims Against Defendant Ballard for Incarceration in Restrictive Housing*

In his Amended Complaint, Plaintiff alleges that Defendant Deena Ballard ordered prison official Sgt. Hamilton "not to give Plaintiff a Request to Staff form." Am. Compl. at 4. However, the "Request to Staff" form sought by Plaintiff was "for access to [the] prison law library." *Id.* Plaintiff does not allege that Defendant Ballard took any action that prevented him from challenging his placement in restrictive housing.

Judge Erwin recommends that any restrictive-housing claim against Defendant Ballard should be dismissed because Plaintiff does not allege that this Defendant "was in

3

any way responsible for placing him in restrictive housing." R. & R. at 12. The Court agrees.[2]

IV. *Claims Against Defendant Braggs for Incarceration in Restrictive Housing*

Defendant Jerold Braggs Jr., on the other hand, is alleged to be "the reason why Plaintiff was administ[ra]tive[ly] segregated for 115 days." Am. Compl. at 6. Judge Erwin construed Plaintiff's allegations related to his placement in restrictive housing as asserting: (1) a claim for unconstitutional conditions of confinement in violation of the Eighth Amendment; and (2) a claim for violation of Plaintiff's right to procedural due process under the Fourteenth Amendment. *See* R. & R. at 12.

A. *Conditions-of-Confinement Claim*

As detailed in the Report and Recommendation, an Eighth Amendment claim requires allegations: (1) that prison conditions posed "a substantial risk of serious harm" to the plaintiff's health or safety (the "objective component"); and (2) that the defendant acted

---

[2] In his Objection, Plaintiff references an "occasion . . . in which he spoke with Defendant Ballard about the process" to "challenge his conditions of confinement to the restrictive unit." Pl.'s Obj. at 7. According to Plaintiff, Defendant Ballard "told [Plaintiff] he must place his grievance upon a Request to Staff (RTS)" and that, immediately thereafter, she "gave an order telling Sgt. Hamilton 'Don't provide Mr. Ishman with any RTS.'" *Id.* Plaintiff submits that, by ordering Sgt. Hamilton to withhold RTS forms from him, Defendant Ballard "hindered Plaintiff's ability to challenge the cause of being placed in restrictive housing." *Id.*; *see also id.* at 8. Because Plaintiff advances this theory of liability for the first time in his Objection, it is waived. *See Marshall*, 75 F.3d at 1426. Further, to the extent Plaintiff now attempts to hold Defendant Ballard liable for her treatment of his housing-related grievances, he cannot show an entitlement to relief, as "there is no independent constitutional right to state administrative grievance procedures," and "the state's voluntary provision of an administrative grievance process" does not "create a liberty interest in that process." *Boyd v. Werholtz,* 443 F. App'x 331, 332 (10th Cir. 2011).

4

with "deliberate indifference" (the "subjective component"). *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003) (internal quotation marks omitted).

Plaintiff alleges that, while in restrictive housing, he was confined to his cell unless a lieutenant or higher-ranking officer was available to unlock his door and that, if such an officer was not available, there was no "recreation (shower & access to unit phone)." Am. Compl. at 2. Judge Erwin correctly concluded that these allegations do not reflect an *actual* deprivation of recreation or access to shower, the phone, or any other privilege, and are therefore insufficient to satisfy the objective component of Plaintiff's claim.[3] *See* R. & R. at 15. In his objection, Plaintiff does not meaningfully challenge Judge Erwin's conclusion regarding his Eighth Amendment claim. Instead, he merely repeats the allegations from his Amended Complaint, which were considered by Judge Erwin and found insufficient to state a claim. Accordingly, the Court adopts Judge Erwin's recommendation to dismiss Plaintiff's Eighth Amendment claim against Defendant Braggs.

B.   *Procedural Due Process Claim*

Because the Amended Complaint does not specify whether Plaintiff was placed in segregated confinement in the capacity of pretrial detainee or of convicted prisoner, Judge

---

[3] Moreover, only a serious deprivation would be sufficient to satisfy the objective prong of the analysis. *See, e.g.*, *Brown v. Lamanna,* 304 F. App'x 206, 207 (4th Cir. 2008) (noting that an inmate asserting an Eighth Amendment violation based on lack of recreation "must show . . . a complete denial for an extended period of time"); *accord Ajaj v. United States,* 293 F. App'x 575, 584 (10th Cir. 2008) (finding that one-year deprivation of outdoor exercise "[was] not sufficiently serious to implicate the Eighth Amendment"); *Fantone v. Herbick*, 528 F. App'x 123, 128 n.5 (3d Cir. 2013) (holding that denial of phone privileges for 46 days did not satisfy objective component); *Richmond v. Settles,* 450 F. App'x 448, 455 (6th Cir. 2011) (concluding that a denial of shower for six days is not actionable under the Eighth Amendment).

5

Erwin analyzed Plaintiff's due process claim under the standards applicable to each. *See* R. & R. at 13, 15.

### 1. *Convicted Prisoner*

As noted by Judge Erwin, convicted prisoners retain only a narrow range of protected liberty interests. *See* R. & R. at 16. To establish an actionable deprivation of liberty, a prisoner must demonstrate that his confinement "imposes atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Judge Erwin recommends dismissal of Plaintiff's due process claim—insofar as Plaintiff asserts such claim as a convicted prisoner—on the ground that Plaintiff's allegations of placement into segregated confinement with "no legitimate basis" do not establish "atypical and significant hardship." R. & R. at 17.

In his objection, Plaintiff directs the Court to two cases, each involving a due process claim based on segregated confinement: *Welch v. Bartlett*, 196 F.3d 389 (2d Cir. 1999), and *Colon v. Howard*, 215 F.3d 227 (2d Cir. 2000). *See* Pl.'s Obj. at 2. In *Welch*, the Second Circuit reversed an award of summary judgment for the defendant, holding that the district court erred by failing to factually compare the conditions of the segregated housing unit with those experienced by prisoners in the general population. *Welch*, 196 F.3d at 393. The Second Circuit also questioned the district court's conclusion that a 90-day period of segregated confinement was not "atypical" under *Sandin*. *Id.* at 394. In *Colon*, the Second Circuit—emphasizing "that the duration of [segregated] confinement is a distinct factor bearing on atypicality and must be carefully considered"—held that a 305-day period of

6

segregated confinement was "a sufficient departure from the ordinary incidents of prison life to require procedural due process protections under *Sandin*." *Colon*, 215 F.3d at 231.

As in *Welch*, the Tenth Circuit's own precedents establish that *Sandin*'s "atypicality" standard is necessarily "fact-driven," requiring an "assessment that accounts for the totality of conditions presented by a given inmate's sentence and confinement." *Rezaq v. Nalley*, 677 F.3d 1001, 1012 (10th Cir. 2012) (internal quotation marks omitted). Accordingly, the Tenth Circuit has held "that a district court errs in *sua sponte* dismissing a prisoner's due process claim under § 1915 if it does not have sufficient evidence before it to 'fully address both the duration and degree of the plaintiff's restrictions as compared with other inmates.'" *Trujillo v. Williams*, 465 F.3d 1210, 1225 (10th Cir. 2006) (collecting cases). And, as in both *Welch* and *Colon*, the Tenth Circuit has recognized that a "a lengthy period of segregation . . . may itself be atypical and significant." *Id.* (collecting cases).

The Court concludes that, accepting his allegations as true, Plaintiff has adequately asserted that his placement into segregated confinement for 115 days, which was ordered despite a lack of "any misconduct write-ups or history of battery on inmates or prison guards," imposed "atypical and significant hardship" on Plaintiff in relation to the ordinary incidents of prison life. Am. Compl. at 2, 5; *Sandin*, 515 U.S. at 484; *see also Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007); *cf. Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (noting that satisfying Federal Rule of Civil Procedure 8(a) does not require that the pleading's factual allegations themselves be plausible—only that "relief must follow from the facts alleged"). Therefore, the Court declines Judge Erwin's

recommendation to dismiss Plaintiff's relevant due process claim—insofar as Plaintiff asserts such claim as a convicted prisoner—at this early stage in the proceedings.

    2. *Pretrial Detainee*

In contrast to convicted prisoners, pretrial detainees may not be punished prior to a lawful conviction. *See Peoples v. CCA Det. Ctrs.*, 422 F.3d 1090, 1106 (10th Cir. 2005). Judge Erwin correctly concluded that Plaintiff has sufficiently alleged that, as a pretrial detainee, he was placed in segregated confinement as a form of punishment in violation of the Fourteenth Amendment.

## CONCLUSION

It is therefore ORDERED that the Report and Recommendation (Doc. No. 30) is ADOPTED in part and DECLINED in part. The following claims are dismissed without prejudice: (i) all official-capacity claims for money damages against both Defendants; (ii) all claims against both Defendants alleging a denial of court access; (iii) all claims against both Defendants alleging violation of the Eighth Amendment; and (iv) all claims against Defendant Ballard relating to Plaintiff's placement in restrictive housing. Plaintiff's due process claims against Defendant Braggs relating to Plaintiff's placement in restrictive housing shall not be dismissed at this time. The case is again referred to Judge Erwin for further proceedings consistent with this order and the initial case referral.

IT IS SO ORDERED this 24th day of July, 2019.

CHARLES B. GOODWIN
United States District Judge