UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL EMMANUEL ISHMAN, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-18-893-G |
| | ) |
| DEENA BALLARD et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter comes before the Court for review of the Report and Recommendation ("R. & R.," Doc. No. 65) issued by United States Magistrate Judge Shon T. Erwin pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). Plaintiff, a state prisoner appearing pro se and proceeding *in forma pauperis*, brought this action under 42 U.S.C. § 1983, alleging various violations of his constitutional rights. *See* Compl. (Doc. No. 1); Am. Compl. (Doc. No. 26).

After screening Plaintiff's Amended Complaint, Judge Erwin issued a report and recommendation (Doc. No. 30) recommending dismissal of certain claims for failure to state a claim upon which relief can be granted. On July 24, 2019, the Court entered an order partially adopting Judge Erwin's recommendation and re-referring the case to Judge Erwin for further proceedings. *See* Order of July 24, 2019 (Doc. No. 39).

On June 2, 2020, Defendant Gerold Braggs moved to dismiss (Doc. No. 61) the only remaining claim, which is based on allegations that Plaintiff was placed in restrictive housing in violation of his due-process rights. Judge Erwin has recommended that the

Court convert Defendant Braggs' Motion into one for summary judgment and grant it based on Plaintiff's failure to exhaust administrative remedies. *See* R. & R. at 1; 42 U.S.C. § 1997e(a).

On August 3, 2020, Plaintiff filed a timely objection to the Report and Recommendation.[1] *See* Pl.'s Obj. (Doc. No. 66). Plaintiff's objection triggers de novo review by this Court of those portions of the Report and Recommendation to which objection is made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Judge Erwin concluded that Plaintiff cannot withstand summary judgment on his due process claim because he did not submit any evidence to counter Defendant's assertion that Plaintiff failed to submit a grievance to the Reviewing Authority as required by the administrative grievance procedure promulgated by the Oklahoma Department of Corrections ("DOC"). *See* R. & R. at 6-7; *see also Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (explaining that a defendant seeking summary judgment on the basis of an affirmative defense "must demonstrate that no disputed material fact exists regarding the affirmative defense asserted").

In his Objection, Plaintiff admits that, after completing the first step of the DOC grievance procedure (i.e., the filing of a Request to Staff), he "cho[se] not to proceed to the second stage" (i.e., the filing of a grievance) because he had already been transferred out of restrictive housing and was "think[ing] no harm no foul." Pl.'s Obj. at 1. With this

---

[1] Plaintiff's filing is styled "Motion to Object," but is, in substance, an objection and will be treated as such.

admission, Plaintiff concedes that he failed to exhaust his available administrative remedies.

Plaintiff goes on to explain that the Special Report (Doc. No. 60) filed with the Court contains an incomplete copy of his June 25, 2018 Request to Staff. *See* Pl.'s Obj. at 2-3. Plaintiff asks the Court to "order Defendant Braggs to produce the full and complete [Request to Staff]," which, Plaintiff asserts, "will prove he d[id] exhaust the first stage of the grievance process." *Id.* The Court notes that the Request to Staff included in the Special Report does appear to be incomplete.[2] However, Judge Erwin's recommendation of summary judgment is based on Plaintiff's failure to complete the *second* step of the DOC grievance procedure. Evidence proving Plaintiff's compliance with the first step is, therefore, irrelevant. *See Hutchinson*, 105 F.3d at 564; *see also Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) ("An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies.").

Plaintiff's remaining arguments merely rehash the merits of his due process claim and do not alter the conclusion that he failed to exhaust his administrative remedies.

---

[2] Beneath the form's "subject" section is the handwritten annotation "backside," followed by an arrow indicating the continuation of text onto the form's reverse. Doc. No. 60-9. However, only the front side of the form was filed with the Special Report.

CONCLUSION

It is therefore ORDERED that the Report and Recommendation (Doc. No. 65) is ADOPTED.  Defendant Braggs' Motion (Doc. No. 61), considered as a Motion for Summary Judgment, is GRANTED in its entirety.  A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of March, 2021.

*[signature]*
CHARLES B. GOODWIN
United States District Judge

4